**Brice Earl CHRISTIANS, Petitioner,**

v.

**George RODGERS, Warden; United States Parole Commission, Respondents.**

**Civ. A. No. 83–Z–2464.**

United States District Court, D. Colorado.

Sept. 20, 1984.

Vicki Mandell-King, Asst. Federal Public Defender, Denver, Colo., for petitioner.

Douglas Curless, Asst. U.S. Atty., Denver, Colo., for respondents.

## ORDER

WEINSHIENK, District Judge.

This matter is before the Court on the Petition for Writ of Habeas Corpus by a Person in Federal Custody filed by petitioner Brice Earl Christians (Christians). Petitioner was incarcerated at the Federal Correctional Institution in Englewood, Colorado (FCI Englewood), and filed this Petition naming as respondents Warden George Rodgers and the United States Parole Commission (Parole Commission). By order of this Court, Christians was released on bond pending the Court's ruling on his Petition. Christians' bond was subsequently revoked by this Court's Order on September 11, 1984.

The issue now before the Court is what effect the Parole Commission must give to a warden's certification that an offender sentenced under the Youth Corrections Act (YCA) has completed his program plan and treatment goals. Pursuant to Rule 605 of the Local Rules of Practice of this Court, this matter was referred to United States Magistrate Donald E. Abram. Magistrate

Abram filed his Recommendation by United States Magistrate, and subsequently a Supplemental Recommendation by United States Magistrate, which recommended that the Petition be granted and Christians be released immediately on parole. The Court has also considered the Parole Commission's Objections to Magistrate's Report and Recommendation, and Christians' Response to Objections Filed by the Parole Commission.

Christians pled guilty to a charge of kidnapping, and was sentenced on September 14, 1982, in the District of South Dakota, to a term of 0 to 10 years pursuant to 18 U.S.C. § 5010(c). The Parole Commission held its first hearing concerning Christians in January 1983, at which time petitioner was continued to the expiration of his sentence, or January 1990, and given a presumptive parole release date of January 28, 1987. Warden Rodgers of FCI Englewood sent a memorandum to the Parole Commission on December 29, 1983, certifying that Christians had completed successfully his program plan and treatment goals, and recommending that Christians be granted an alternate release date of March 1, 1984. The Parole Commission responded to Warden Rodgers on January 27, 1984, stating: "Although this case was reviewed for consideration under the Superior Program Achievement provisions, it is determined that there will be no change in the previous alternate release date ...." The Commission also indicated in its communication that the next hearing in Christians' case would be the statutory interim hearing previously scheduled for January, 1985.

In his Supplemental Recommendation, Magistrate Abram characterized this response as a form letter that ignored the recommendation of the Bureau of Prisons and the petitioner's rehabilitation and program completion. In response, the Parole Commission contends that it has considered the petitioner's response to treatment programs and completion of program plans, and argues that its decision is consistent

with the opinion of the Tenth Circuit Court of Appeals in *Watts v. Hadden,* 651 F.2d 1354 (10th Cir.1981). The Commission argues that, although it must recognize prison program performance in parole decision-making for YCA offenders, it may also rely on other factors, including the severity of an offender's crime.

The Superior Program Achievement provisions, referred to in the Parole Commission's response to Warden Rodgers, are contained in 28 C.F.R. § 2.60. These are among the general parole policy guidelines applicable to all federal offenders, and make no special provision for YCA offenders. The regulations contemplate only a limited advancement of an offender's presumptive release date, and do not provide for an offender's immediate release except in "the most clearly exceptional cases." 28 C.F.R. § 2.60(c).

■ "Our sole concern is with whether the Parole Commission, in uniformly applying its guidelines to YCA offenders, has complied with congressional purposes and policies in enacting the Youth Corrections Act." *Watts v. Hadden,* 651 F.2d at 1377. Use of these guidelines alone is not sufficient to meet the special requirements of the YCA. *See generally id.* at 1376–77; *see also Ewing v. Rodgers,* 582 F.Supp. 1513, 1515–16 (D.Colo.1984) (Matsch, J.), *appeal docketed,* No. 84–1580 (10th Cir. Apr. 30, 1984).

■ In *Watts v. Hadden,* the court ruled that the YCA requires "extensive and repeated consideration of each youth offender on an individual basis." 651 F.2d 1381. This requirement is not fulfilled when the Parole Commission responds to a warden's certification of program completion and recommendation of release with a letter such as was sent in this case. At a minimum, the extensive and repeated study contemplated by the YCA requires that the Parole Commission respond to the warden's letter by holding a release hearing within a reasonable time, which this Court considers to be not more than 90 days after the warden's certification.[1]

■ Certainly the Parole Commission need not eliminate its use of the general parole determination criteria, set forth in 18 U.S.C. § 4206, which use is contemplated by the YCA. 18 U.S.C. § 5017(a). However, the Parole Commission must also consider the warden's recommendation as a "determinative factor" in arriving at a release date. *Watts v. Hadden,* 651 F.2d at 1380.

■ Courts are always reluctant to assume the duties of the parole board and order the release of young offenders who are potentially dangerous and who may not be ready for release. If the Parole Commission abdicates its responsibilities under the Youth Corrections Act, however, the courts are forced to step in to protect the purposes and policies of the Act. Accordingly, this Court will order that the Parole Commission set a hearing date for petitioner within 90 days, and report to the Court within 30 days after such hearing in sufficient detail to demonstrate that petitioner has received the extensive and individual consideration contemplated by the YCA. This Court will reserve ruling on the Petition until the Parole Commission's report is received. Accordingly, it is

ORDERED that petitioner's Motion for Permission to File a Response to the Parole Commission's Objections is granted. It is

---

1. In the *Ewing* case, *supra,* Judge Richard P. Matsch ordered the petitioner to be released, finding that the Parole Commission refused to consider the Warden's report, in violation of the requirements of the YCA.

Judge Sherman G. Finesilver reached a contrary conclusion in *Fairchild v. United States Parole Comm'n,* No. 83–F–1231 (D.Colo. Jan. 16, 1984), *appeal docketed,* No. 84–1102 (10th Cir. Jan. 20, 1984). In that case, however, there was evidence that the Parole Commission had reconsidered the parole date and reduced the petitioner's term.

*See also Workman v. United States Parole Comm'n,* No. 84–JM–184 (D.Colo. May 22, 1984) (Moore, J.) (petitioner released).

FURTHER ORDERED that the Parole Commission shall give the petitioner a new hearing no later than 90 days from the date of this Order, and shall report to this Court within 30 days following such hearing. It is

FURTHER ORDERED that ruling is reserved on the Petition for a Writ of Habeas Corpus by a Person in Federal Custody until the Parole Commission's Report is received.